## REED v. HENSEL.

Ohio Appeals, 1st Dist., Hamilton Co.

Harmon, Colston, Goldsmith & Hoadly, Cincinnati, for Reed.

Gusweiler, Foster & Lambert and S. L. Leis, Cincinnati, for Hensel.

396. DIRECTED VERDICTS.

1. In reviewing denial of defendant's motion for, plaintiff's evidence must be given most favorable interpretation.

2. Evidence held sufficient to take to jury, question whether location was "business of closely built-up."

301. CONTRIBUTORY NEGLIGENCE—1265. Weight of Evidence.

1. Evidence that plaintiff, after proceeding 15 feet across regular crossing, was struck by automobile which was 150 feet away when she started, held not to show contributory negligence as a matter of law.

2. Verdict for plaintiff not manifestly against weight of evidence.

874. ORDINANCES—113. Automobiles.

Ordinance prohibiting operation of automobile at unreasonable speed and providing certain speed shall be prima facie evidence, not in violation of 12608 GC. in undertaking to diminish, restrict or prohibit 12603 GC.

225. CHARGE OF COURT.

1. Jury held not misled by fact that court referred to statement of law as provision of Code instead of city ordinance.

2. Statement that defendant "was obliged" to travel at reasonable rate of speed held not misleading.

3. Defendant cannot complain of charge that speed exceeding 20 miles an hour, was presumptively unreasonable, when ordinance provides speed exceeding 15 miles per hour unreasonable.

4. Charge that certain speed was "presumptive evidence" rather than "prima facie" evidence, held not to place added burden on defendant.

480. EVIDENCE.

Exclusion of hospital record consisting of statement of case made by plaintiff's daughter, not in hearing of plaintiff, held not erroneous.

BUCHWALTER, J.

1. In reviewing denial of defendant's motion for direction of verdict, plaintiff's evidence must be given most favorable interpretation.

2. That plaintiff, crossing street at regular crossing, was struck, after proceeding 15 feet, by automobile which was 150 feet away when she started, held not to show as matter of law that she was guilty of contributory negligence, so as to authorize direction of verdict for defendant in personal injury action.

3. In personal injury action by pedestrian, who was struck by automobile while crossing street, in which evidence showed that she was

(Continued on Page 207)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of NEW CASES DOCKETED

**March 14, 1928**

21018—Morton W. Messick v. Grace T. Davis, Extrx. Motion for Cuyahoga Appeals to certify. S. H. West, Cleveland, for pltff; W. J. Hamilton, Cleveland, for deft.

**March 15, 1928**

21019—Emory Fike v. Mary J. Lee. Motion for Medina Appeals to certify. Weiser & Weimer, Wooster, for pltff; D. B. Wolcott, Kent, for deft.

21020—Levi C. Goodale et v. Rupert Harvie et. Motion for Hamilton Appeals to certify. Waite, Schindel & Bayless, Cincinnati, for pltffs; Ckrus & Bradford, Cincinnati, for defts.

**March 16, 1928**

21021—Ruud Mfg. Co. v. Grace E. McGean et al. Motion for Cuyahoga Appeals to certify. H. A. Blachman, Cleveland, for pltff; Thompson, Hine & Flory, Cleveland, for defts.

**March 17, 1928**

21022—Fred Turske v. Lorenz Selzer. Motion for Cuyahoga Appeals to certify. Wheeler & Adrion, Cleveland, for pltff; Locher, Green & Woods, Cleveland, for deft.

21023—James B. Clow & Sons v. T. E. McChaffrey Const. Co. Motion for Summit Appeals to certify. Burch, Bacon, Denlinger & Seikel, Akron, for pltff; Rockwell & Grant, Akron, for deft.

21024—Steubenville-Canton Transportation Co. v. Public Utilities Commission of Ohio. Error to P. U. C. John F. Carlisle, Columbus, for pltff; E. C. Turner, Attorney General, and A. M. Calland, of counsel, Columbus, for deft.

**March 19, 1928**

21025—Fidelity & Casualty Co. of N. Y. v. Union Sav. Bk. Co. et. Motion for Jefferson Appeals to certify. Howell, Roberts & Duncan, Cleveland, for pltff.

21026—Walter Klug v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Cuyahoga county. Quigley & Byrnes, Cleveland, for pltff; E. C. Stanton, Cleveland, for deft.

## PROCEEDINGS OF SUPREME COURT

**Wednesday, March 21, 1928**
**GENERAL DOCKET**

20917—Stark Electric R. R. Co. v. Public Utilities Commission. Error to the Public Utilities Commission. Remanded for modification of order.

20747—Raymond R. Kennedy, exr., v. Susie Kathryn Walcutt, Hancock. Judgment affirmed. Dock. 5 Abs. 604.

20785—Laura McKinley v. Mary Niderst. Cuyahoga. Judgment affirmed. Dock. 5 Abs. 701.

20821—State of Ohio, ex. rel., John Rowlands v. Industrial Commission. In mandamus. Writ allowed. Dock. 5 Abs. 781.

20981—Pape Bros. Moulding Co. v. Public Utilities Commission. Remanded for modification of order. Dock. 6 Abs. 157.

**MOTION DOCKET**

20974—E. H. Blair, superintendent of Banks, v. Union Savings Bank of Bryan, O. Motion for an order directing the Court of Appeals of Williams county to certify its record. Allowed. Dock. 6 Abs. 157.

20977—Fred C. Joyce v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Fayette county. Allowed. Dock. 6 Abs. 157.

20981 and 82—Pape Bros. Moulding Co. v. City of Cincinnati. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled. Dock. 6 Abs. 157.

20984—Cleveland Trust Co. v. James C. Hager. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 157.

20985—Robert Freudenberger v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Cuyahoga county. Overruled. Dock. 6 Abs. 157.

20988—Albert L. Fink v. Land Finance Co. Motion for an order directing the Court of Appeals of Hamilton county to certify its record. Overruled. Dock. 6 Abs. 157.

20990—Lloyd R. Read v. Edith Pearl Marty. Motion for an order directing the Court of Appeals of Carroll county to certify its record. Overruled. Dock. 6 Abs. 173.

20993—Sebastian Carcione v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Cuyahoga county. Overruled. Dock. 6 Abs. 173.

20995—George W. Davison et al. v. W. S. Snyder et al. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 173.

20996—Emilia Sadowski v. State of Ohio. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock 6 Abs. 173.

## SYLLABI
## Ohio Supreme Court

### McKINLEY v. NIEDERST.

Ohio Supreme Court.

No. 20785. Decided March 21, 1928.

**703. LANDLORD AND TENANT.**

Owner of apartment house, rented to several tenants, with halls and stairways in common, owes no common law duty to keep such halls and stairways lighted during night season.

**829. NEGLIGENCE.**

Testimony of plaintiff, tenant in apartment house housing several tenants with halls and stairways in common, that she passed out of apartment into hallway in total darkness, with full knowledge of existing stairway leading downward, only a few steps from door of apartment, and proceeded forward in direction of such stairway, seeking to descend same and fell, to her injury, raises inference of negligence which, in absence of evidence tending to refute such inference, justifies trial court in directing verdict for defendant.

Error to Cuyahoga Appeals.

Judgment affirmed.

MARSHALL, CJ.

1. The owner of an apartment house being rented to several tenants with halls and stairways in common owes no common law duty to keep such halls and stairways lighted during the night season.

2. The testimony of a plaintiff, tenant in an apartment house housing several tenants with halls and stairways in common that she passed out of her apartment into a hallway in total darkness, with full knowledge of the existence of a stairway leading downward only a few steps from the door of her apartment and proceeded forward in the direction of such stairway seeking to descend the same and fell to her injury raises an inference of negligence on her part, which, in the absence of any evidence tending to refute such inference, justifies the trial court in directing a verdict in defendant's favor.

(Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

———

STARK ELECT. RD. CO. v. P. U. C.

Ohio Supreme Court.

No. 20917. Decided March 21, 1928.

216. **CERTIFICATES. Of Convenience and Necessity—** 973. **Public Utilities—793a. Motor Transport.**
1. Granting of certificate of convenience and necessity to motor transportation company whose operation must result in crippling, or destruction of, existing public transportation utility, rendering more adaquate public transportation service than motor company can render, held unreasonable and unlawful.

2. Where existing public utility transportation company is able and willing to increase transportation facilities and make same adequate, and granting certificate of convenience and necessity to motor transportation company to operate competing service will cripple or destroy such existing transportation service, duty of Public Utilities Commission to give such public utility transportation company opportunity to make service adequate before granting certificate to such competing line.

Error to P. U. C.

Remanded for modification of order.

ROBINSON, J.

1. The granting of a certificate of convenience and necessity to a motor transportation company whose operation manifestly must result in the crippling or destruction of an existing public transportation utility which is rendering more nearly adequate public transportation service than a motor transportation company can render, does not serve the public convenience and necessity. The granting of such a certificate is unreasonable and unlawful.

2. Where an existing public utility transportation company, other than a motor transportation company, is under the jurisdiction of the Public Utilities Commission of Ohio and is able and willing to increase its transporta-

tion facilities and to make same adequate, and the granting of a certificate of convenience and necessity to a motor transportation company to operate a competing service will cripple or destroy such existing transportation service, it is the duty of the Public Utilities Commission to afford such public utility transportation company, other than a motor transportation company, an opportunity to make its service adequate before granting a certificate of convenience and necessity to a motor transportation company to render competing service.

(Marshall, CJ., Day, Allen, Kinkade, Jones and Matthias, JJ., concur.)

———

STATE ex ROWLANDS v. INDUST. COM.

Ohio Supreme Court.

No. 20821. Decided March 21, 1928.

1283. **WORKMEN'S COMPENSATION.**

Person, entitled to participate in state insurance fund, who has filed claim for injuries, and whose claim has been allowed, not deprived of right to rehearing by reason of amendment of 1465-90 GC., passed March 26, 1925.

In Mandamus.

Writ allowed.

DAY, J.

A person who is entitled to participate in, the state insurance fund and who has filed a claim for injuries sustained in the course of his employment, whose claim has been allowed and medical expenses granted to him and further compensation denied, is not deprived of a right to a rehearing upon said claim by reason of the amendment of Section 1465-90, General Code, passed March 26, 1925. (Industrial Commission v. Phillips, 114 Ohio St. 607, approved and followed.)

(Marshall, CJ., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

---

(Continued from Page 204)
struck after proceeding 15 feet by automobile which was 150 feet away when she started, verdict for plaintiff held not manifestly against weight of evidence.

4. Ordinance, prohibiting operation of motor vehicles at speed greater than is reasonable, and providing that certain speed shall be prima facie evidence of unreasonable speed, held not to violate Section 12608 GC., in undertaking to diminish, restrict, or prohibit Section 12603.

5. In pedestrian's action for personal injuries received when struck by automobile, jury held not misled by fact that court referred to statement of law as provision of Code similar to city ordinance instead of referring to it as city ordinance.

6. In pedestrian's action for personal injuries received when struck by automobile, expression in charge that defendant was "obliged" to travel at reasonable rate of speed held not misleading, in view of statement in other parts of charge that plaintiff must establish that defendant's negligence was proximate cause of injury.

7. In pedestrian's action for injuries received when struck by automobile, defendant cannot complain that court instructed that speed exceeding 20 miles an hour was presumptively unreasonable, whereas ordinance provided that speed exceeding 15 miles per hour was unreasonable.

8. In action by pedestrian for injuries received when struck by automobile, charge that certain speed was "presumptive evidence" of unreasonable speed rather than "prima facie" evidence held not to place added burded on defendant.

9. In action by pedestrian for injuries received when struck by automobile, evidence held sufficient to take to jury question whether place where accident occurred was "business or closely built-up" part of municipality within ordinance prescribing that speed in excess of certain limit should be prima facie evidence of unreasonable speed.

10. In pedestrian's action for injuries received when struck by automobile, exclusion of hospital record consisting of statement of case made by plaintiff's daughter not in hearing of plaintiff held not error, being hearsay, especially where it did not relate to what transpired to cause patient to be sent to hospital, except statement that she had been in automobile accident.

(Hamilton, PJ. and Cushing, J., concur.)
For reference to full opinion, see Omnibus Index, last page, this issue.